654 S.E.2d 269

**In the Matter of G. Turner PERROW, Jr., Respondent.**

**No. 26397.**

Supreme Court of South Carolina.

Submitted Oct. 23, 2007.

Decided Nov. 19, 2007.

Lesley M. Coggiola, Disciplinary Counsel, and William C. Campbell, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Irby E. Walker, Jr., of Conway, for respondent.

PER CURIAM:

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to either an admonition or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## FACTS

### Matter I

On May 22, 2006, respondent disbursed funds from his trust account on a refinance loan prior to depositing the loan proceeds into his trust account. Respondent deposited the

funds on May 25, 2006, after a check in the amount of $33,336.92 was presented against the trust account.

### Matter II

Respondent admits he failed to verify that funds for two real estate closings were wired to the correct account prior to disbursement of the funds. The funds for the two closings had been wired to respondent's former trust account and, as a consequence, were not available to cover a $77,840.03 check that was presented on February 22, 2007 against his present trust account. Respondent had the funds transferred to the present trust account once the mistake was recognized.

ODC acknowledges that no clients were harmed in either Matter I or Matter II and the funds were delivered to the appropriate parties.

### LAW

Respondent admits that by his misconduct he has violated the following provision of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15 (lawyer shall not disburse funds from account containing funds of more than one client unless funds to be disbursed have been deposited in the account and have been collected). Further, respondent admits his misconduct violated the financial recordkeeping requirements of Rule 417, SCACR. Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

### CONCLUSION

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.